IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DARRELL PARKER | : | |
| Petitioner, | : | |
| vs. | : | CIVIL ACT. NO. 1:17-cv-00252-TFM-C |
| GUY NOE, | : | |
| Respondent. | : | |

## **REPORT AND RECOMMENDATION**

Petitioner Darrell Parker ("Petitioner" or "Parker"), who proceeds *pro se*, has filed a petition that seeks habeas corpus relief under 28 U.S.C. § 2254 ("2254 Petition"). Doc. 1. The 2254 Petition, which has been fully briefed and is ripe for adjudication (Docs. 1 & 14), was referred to the undersigned Magistrate Judge for issuance of a report and recommendation, pursuant to 28 U.S.C. § 636(b); Rule 72, Federal Rules of Civil Procedure (hereinafter, "FRCP" followed by the Rule number); and S.D. Ala. GenLR 72(a)(2)(R). Based upon a thorough review of the 2254 Petition (Doc. 1) and the briefs and supporting materials, (Docs. 1, 14, & 23), the undersigned finds an evidentiary hearing is not warranted[1] and the 2254 Petition is due to be denied as moot. Accordingly, it is recommended Parker's 2254 Petition be denied as moot and judgment be entered in favor of Respondent and against Petitioner, and if Parker seeks the issuance of a certificate of appealability, his request be denied along with any request to appeal *in forma pauperis*.

---

[1] Because Parker filed his federal habeas petition after April 24, 1996, this case is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214 ("AEDPA"). "AEDPA expressly limits the extent to which hearings are permissible, not merely the extent to which they are required." *Kelley v. Sec'y for Dep't of Corrs.*, 377 F.3d 1317, 1337 (11th Cir. 2004). Sturdivant has failed to establish an evidentiary hearing is warranted in this case. *See Birt v. Montgomery*, 725 F.2d 587, 591 (11th Cir. 1984) (en banc) ("The burden is on the petitioner . . . to establish the need for an evidentiary hearing.").

## I.  PROCEDURAL BACKGROUND

On July 29, 1999, Parker was convicted of two (2) charges of unlawful distribution of a controlled substance and was sentenced to two (2) twenty-year (20) sentences by the Baldwin County Circuit Court. Doc. 14-10. Parker was paroled on March 17, 2015. *Id.* On August 17, 2015, Parker's parole officer prepared a Report of Parole Violation, in which he brought two (2) charges against Parker for (1) violation of Life Tech Rule 18 – positive drug and alcohol tests and (2) violation of Life Tech Rule 32 – resident's conduct or behavior results in a safety, security, or health hazard. *Id.* at 2-3. Parker was arrested on August 15, 2015 (*id.* at 3), and was given notice on August 19, 2015, of his parole court hearing, which was scheduled for August 24, 2015 (Doc. 14-11). Three witnesses were called at the hearing, including Parker. Doc. 14-12, at 2. The Parole Board found there was insufficient evidence to support Parker's first charge based on the testimony that a drug test was not administered, but found him guilty of his second charge based on the testimony that he was not acting as himself and was aggressive. *Id.* at 2-5. Based on the Parole Board's findings, Parker's parole was revoked on September 30, 2015. Doc. 14-13.

On October 21, 2015, Parker filed his Writ of Certiorari in the Circuit Court of Montgomery County, in which he challenged the revocation of his parole by the Alabama Board of Pardons and Paroles (the "Parole Board"). Doc. 14-1, at 5-9. The Parole Board filed its Motion for Summary Judgment on April 17, 2016. *Id.* at 36-41. The Parole Board summarized Parker's Writ of Certiorari to state a due process violation claim based on his assertion that the Parole Board's decision to revoke his probation was based on insufficient evidence. *Id.* at 37. The Parole Board argued Parker was afforded due process because he was given notice of the hearing, and the charges against him, and he was found guilty of one of his noticed charges based on the testimony of an eyewitness, which was sufficient evidence for the Parole Board's decision. *Id.* at 38-39. The Circuit Court granted the Parole Board's Motion for Summary Judgment and dismissed Parker's

petition on April 20, 2016.  Doc. 14-2, at 12.  Parker filed his Notice of Appeal on May 10, 2016. *Id.* at 40.

Parker filed his appellate brief with the Alabama Court of Criminal Appeals on July 28, 2016.  Doc. 14-3.  In his appellate brief, Parker again argued his petition for a writ of certiorari was improperly revoked because there was insufficient evidence.  *See id*.  The Parole Board filed its response brief on August 29, 2016 (Doc. 14-4), and the Court of Criminal Appeals affirmed the circuit court's judgment (Doc. 14-5).  Parker's Application for Rehearing was overruled by the Court of Criminal Appeals on November 18, 2016 (Doc. 14-6), and a Certificate of Judgment was issued on December 7, 2016 (Doc. 14-7).

Parker filed his instant 2254 Petition on June 6, 2017, in which he alleges violations of his due process rights, Sixth and Eighth Amendment rights, and discrimination, which are all based on his claim that his parole was improperly revoked.  Doc. 1.  Although Parker named many individuals as respondents to his 2254 Petition (*see* Doc. 1), the Court corrected his petition to reflect Warden Guy Noe ("Respondent" or "Noe") is the properly named respondent (*see* Doc. 3, at 1 n.1).  Respondent filed his Answer and Special Report on November 16, 2017 (Doc. 14), after the Court granted his motions for extension of time (*see* Docs. 8, 9, 12, & 13).

On February 20, 2018, Parker filed a notice with the Court that his address had changed and he was released on parole.  Doc. 16.  On September 13, 2018, the Court issued an order, based on Parker's notice, for him to inform the Court whether he wanted to pursue this action and, if he did, why this action is not moot since he was released on parole.  Doc. 21.  Parker responded to the Court's order he wanted to continue this action because he was wronged by witnesses at his parole revocation hearing.  Doc. 23.

## STANDARD OF REVIEW

Article III of the Constitution, known as the case and controversies limitation, prevents federal courts from deciding moot questions because the Court lacks subject matter jurisdiction. U.S. CONST. art. III, § 2; *Coral Springs St. Sys., Inc. v. City of Sunrise*, 371 F.3d 1320, 1327 (11th Cir. 2004). Mootness can occur due to a change in circumstances or a change in law. *Id.* at 1328. A case is also moot when the issue presented is no longer live, the parties lack a legally cognizable interest in its outcome, or a decision could no longer provide meaningful relief to a party. *Troiano v. Supervisor of Elections in Palm Beach Cty., Fla.*, 382 F.3d 1276, 1282 (11th Cir. 2004) (citing *Al Najjar v. Ashcroft*, 273 F.3d 1330, 1335-36 (11th Cir. 2001)). "'Th[e] case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate . . . . The parties must continue to have a "personal stake in the outcome" of the lawsuit.'" *Spencer v. Kemna*, 523 U.S. 1, 7, 118 S. Ct. 978, 983, 140 L. Ed. 2d 43 (1998) (quoting *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477-78, 110 S. Ct. 1249, 1254, 108 L. Ed. 2d 400 (1990)). Dismissal is not discretionary but "'is required because mootness is jurisdictional.'" *Troiano*, 382 F.3d at 1282 (quoting *Al Najjar*, 273 F.3d at 1336). "Any decision on the merits of a moot case or issue would be an impermissible advisory opinion." *Id.*

Whether a habeas petition presents a case or controversy hinges on whether the petitioner suffers "collateral consequences" as a result of the conviction he challenges. *See Spencer*, 523 U.S. at 7, 118 S. Ct. at 983.

> An incarcerated convict's (or a parolee's) challenge to the validity of his conviction always satisfies the case-or-controversy requirement, because the incarceration (or the restriction imposed by the terms of the parole) constitutes a concrete injury, caused by the conviction and redressable by invalidation of the conviction. Once the convict's sentence has expired, however, some concrete and continuing injury other than the now-ended incarceration or parole-some "collateral consequence" of the conviction-must exist if the suit is to be maintained. *See, e.g., Carafas* [*v. LaVallee*, 391 U.S. 234,] 237-38, 88 S. Ct. [1556,] 1559-60[, 20 L. Ed. 2d 554 (1968)].

*Spencer*, 523 U.S. at 7, 118 S. Ct. at 983.  There is no presumption of collateral consequences that result from a parole revocation; it is for the petitioner to demonstrate collateral consequences.  *Id.* at 14, 118 S. Ct. at 986.

## DISCUSSION

In response to the Court's order for Parker to identify why this action is not moot, he states he was wronged and seeks justice.  However, Parker's feeling that he was wronged does not rise to the level of a collateral consequence.  Since Parker has not identified a collateral consequence of his revoked parole and his parole has ended, there is no longer a continuing injury to Parker for this Court to redress.  Therefore, Parker's 2254 Petition is moot.

## CERTIFICATE OF APPEALABILITY

Pursuant to Rule 11(a) of the Rules Governing § 2254 Proceedings, the undersigned recommends that a certificate of appealability in this case be denied.  28 U.S.C. foll. § 2254, Rule 11(a) ("The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.").  The habeas corpus statute makes clear that an applicant is entitled to appeal a district court's denial of his habeas corpus petition only where a circuit justice or judge issues a certificate of appealability.  28 U.S.C. § 2253(c)(1).  A certificate of appealability may issue only where "the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2243(c)(2).  Parker has not made a substantial showing of the denial of a constitutional right.

Rule 11(a) further provides: "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  If there is an objection to this recommendation by either party, that party may bring this argument to the attention of the district judge in the objections permitted to this report and recommendation.  *Brightwell v. Patterson,* Case No. 1:11-00165-WS-C, Doc. 14 (Eleventh Circuit order denying petitioner's motions for a COA

and to appeal IFP in a case in which this Court set out the foregoing procedure); *see also Castrejon v. United States,* Case No. 1:11-00113-KD-C, 2011 WL 3241817, at *20 (S.D. Ala. Jun. 28, 2011) (providing for the same procedure), *report and recommendation adopted,* 2011 WL 3241580 (S.D. Ala. Jul. 29, 2011); *Griffin v. DeRosa*, Case No. 3:10cv342/RV/MD, 2010 WL 3943702, at *4 (N.D. Fla. Sept. 20, 2010) (providing for same procedure), *report and recommendation adopted sub nom. Griffin v. Butterworth,* 2010 WL 3943699 (N.D. Fla. Oct. 5, 2010).

## CONCLUSION

Based on the foregoing analysis, the undersigned Magistrate Judge recommends Petitioner Parkers's 2254 Petition (Doc. 1) be **DENIED** as **MOOT**. Parker is not entitled to a certificate of appealability, and, therefore, he is not entitled to appeal *in forma pauperis*.

## NOTICE OF RIGHT TO FILE OBJECTIONS

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to this recommendation or anything in it must, within fourteen (14) days of the date of service of this document, file specific written objections with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b); S.D. Ala. GenLR 72(c)(1) & (2). The parties should note that under Eleventh Circuit Rule 3-1, "[a] party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions if the party was informed of the time period for objecting and the consequences on appeal for failing to object. In the absence of a proper objection, however, the court may review on appeal for plain error if necessary in the interests of justice." 11th Cir. R. 3-1. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the Magistrate Judge's report and recommendation where the

disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the Magistrate Judge is not specific.

**DONE** and **ORDERED** this the 3rd day of June 2019.

s/WILLIAM E. CASSADY
**UNITED STATES MAGISTRATE JUDGE**